■ In the Matter of the Claim of JANET H. CURTIS, Respondent, v. ALBERT DECANZIO, Doing Business as DECANZIO SEAMLESS GUTTER CO., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision awarding benefits on account of decedent's death in a fall from the ladder on which he was working at installing rain gutters upon a house; the sole issue upon appeal being the board's finding of an employer-employee relationship, contrary to appellants' contention that decedent was an independent contractor. The workman being deceased, the salient testimony had to be adduced from the adverse party, the alleged employer, and although he testified to facts which would have supported a finding that decedent was, indeed, an independent contractor, there was also elicited from him evidence pointing the other way, such as proof that he measured the job, told decedent the amount of gutter required, furnished all the materials to be installed, as well as some but not all of the tools and appliances required, and directed disposition of the replaced gutters. The determination of employment status has long been recognized as within the province of the board and not readily to be disturbed. (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652, mot. for rearg. den. 300 N. Y. 742; *Matter of Klein* v. *Sunrise Bldg. Co.*, 7 A D 2d 805, 806, mot. for lv. to app. den. 5 N Y 2d 711); and appellants in referring to the "great preponderance" of the employer's evidence and the absence of "meaningful" evidence on claimant's part misapprehend our limited authority in this area of decision, the evaluation thereof being in each instance for the board Upon a record factually comparable to this, we recently affirmed a like finding of employment status. (See *Matter of Dugo* v. *Sheet Metal Mfg. Co.*, 31 A D 2d 689, mot. for lv. to app. den. 23 N Y 2d 646.) The same result is mandated here. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Gibson, P. J.